UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Jeremiah Todd Garcia-Chavis**                          **Docket No. 5:23-CR-235-1D**

### Petition for Action on Supervised Release

COMES NOW Courtney L. Thomas, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Jeremiah Todd Garcia-Chavis, who, upon an earlier plea of guilty to Count 3-Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)and 18 U.S.C. § 924(c)(1)(A)(i), was sentenced by the Honorable Matthew J. Kacsmaryk, U.S. District Judge in the Northern District of Texas, on August 19, 2021, to the custody of the Bureau of Prisons for a term of 30 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 60 months. Jeremiah Todd Garcia-Chavis was released from custody on January 3, 2023, at which time the term of supervised release commenced in the Eastern District of North Carolina.

On June 30, 2023, a Memorandum of Violation was submitted to the Northern District of Texas after the defendant submitted a urine specimen that tested positive for methamphetamine. At that time, jurisdiction was requested from the Northern District of Texas. On July 20, 2023, a Transfer of Jurisdiction was accepted in the Eastern District of North Carolina, and the case was assigned to the Honorable Judge Terrence W. Boyle, U.S. District Judge. On July 24, 2023, as a result of the defendant submitting a urine specimen that tested positive for methamphetamine, the court modified his conditions of supervision to adhere to a curfew for a period of 60 days. On August 17, 2023, as a result of the defendant submitting a urine specimen that tested positive for methamphetamine, the court modified his conditions of supervision to impose Home Detention for a period of 60 days.

On February 6, 2024, a Violation Report was submitted to the court after the defendant was unsuccessfully discharged from substance abuse treatment due to excessive absences. On February 27, 2025, a Violation Report was submitted to the court after the defendant committed the offenses of Speeding, No insurance, Expired Registration card/Tag, Give/Lend/Borrow License Plate, Drive/Allow Motor Vehicle No Registration, Expired Inspection, Failure to Wear Seatbelt, and Window Tinting Violation (25CR 001188), in Hoke County, North Carolina. On March 28, 2025, a Violation Report was submitted to the court after the defendant submitted a urine specimen that tested positive for marijuana and cocaine.

On April 29, 2025, a Violation Report was submitted to the court after the defendant submitted a urine specimen that tested positive for marijuana and methamphetamine. On July 15, 2026, the case was reassigned to the Honorable James C. Dever III, U.S. District Judge.

At sentencing, the defendant was ordered to abide by mandatory, standard, and special conditions of supervision. Pursuant to Section 5D1.4 of the Federal Sentencing Guidelines, the United States Probation Office has conducted an individualized assessment, taking the following factors into consideration: 18 U.S.C. §§ 3583(c) and (e)(2). Based on this assessment, it is recommended that the defendant be subject to the mandatory conditions that were imposed at sentencing, the standard conditions, as referenced in the current standing order for the Eastern District of North Carolina, and the below special conditions, as well as any other conditions previously imposed by means of prior court action during the term of supervision.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING STANDARD CONDITIONS:**

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about work (such as position or job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**IT IS THE FURTHER ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING SPECIAL CONDITIONS:**

1. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

2. The defendant shall participate in a program of mental health treatment, as directed by the probation office.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:** On July 4, 2026, two warrants were issued for the defendant in Robeson County, North Carolina, for the offenses of Assault With a Deadly Weapon, Second Degree Trespassing (26CR 349095), and Assault on Female (26CR 349124). When confronted regarding the violation conduct, the defendant denied any guilt in committing the offenses. As the defendant is denying any guilt, it is respectfully recommended that supervision be continued until adjudication in state court. If the defendant is convicted of this offense, the court will be notified, and an appropriate court of action will be recommended.

**Jeremiah Todd Garcia-Chavis**
**Docket No. 5:23-CR-235-1D**
**Petition For Action**
**Page 3**

Based on the individualized assessment of this case, it is respectfully recommended that the defendant comply with the above conditions. The defendant signed a Waiver of Hearing acknowledging and agreeing to the standard and special conditions as outlined above.

**PRAYING THAT THE COURT WILL ORDER** the defendant is continued under supervision and subject to the above-listed conditions of supervision. To the extent that any of these conditions vary from those imposed at the time of sentencing, based on the individualized assessment conducted, these conditions replace those originally imposed. In consultation with the probation officer the court has conducted an individualized assessment and except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Keith W. Lawrence
Keith W. Lawrence
Supervising U.S. Probation Officer

/s/ Courtney L. Thomas
Courtney L. Thomas
U.S. Probation Officer
150 Rowan Street Suite 110
Fayetteville, NC 28301
Phone: 910-354-2554
Executed On: July 16, 2026

## ORDER OF THE COURT

Considered and ordered this __16__ day of __July__ , 2026, and ordered filed and made a part of the records in the above case.

4 - Dever

James C. Dever III
U.S. District Judge